UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

D-1  JOHN ANGELO,
D-2  CORY JUSTIN MANN,
D-3  ROSINA ANGELO,
D-4  MICHAEL DANESHVAR,
D-5  GLENN PHILLIP FRANKLIN, III,
D-6  BRENT FAROUK SITTO,

      Defendants.
_____/

Case No. 2:20-CR-20599

Hon. Matthew F. Leitman

### DEFENDANT BRENT FAROUK SITTO'S MOTION TO STRIKE SURPLUSAGE MIDDLE NAME FROM INDICTMENT & MOTION IN LIMINE TO PRECLUDE USING THE MIDDLE NAME AT TRIAL

1. Defendant Brent Sitto ("Sitto") is one of five defendants charged in Count 1 of the Indictment with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349.

2. Sitto is listed in the caption and identified throughout the indictment as "Brent Farouk Sitto."

3. Sitto's middle name, "Farouk," is surplusage and the court should strike the middle name from the Indictment.

4. Fed. R. Crim. P. 7(d) states, "Upon the defendant's motion, the court may strike surplusage from the indictment or information."

5. "The granting of such a motion is proper, however, only where the words stricken are not essential to the charge." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974), *cert. denied*, 419 U.S. 1124 (1975).

6. Sitto's middle name, "Farouk," is not essential to the charge of conspiracy to commit wire fraud and does not help the government properly prove any aspect of its case at trial such as identity.

7. Additionally, inclusion of the middle name, "Farouk," could prejudicially inflame one or more members of the jury as it is a foreign name, Arabic in origin.

8. Upon information and belief, there is no other Brent Sitto on planet Earth.

9. The government should also be precluded from using Sitto's middle name, "Farouk," at trial as it is irrelevant and the probative value (there is none) is substantially outweighed by the danger of unfair prejudice.  *See* Fed. R. Evid. 401, 402, 403.

10. The Fifth Amendment provides that "No person shall . . . be deprived of life, liberty, or property, without due process of law."  A defendant has a due process right to a fair trial. *See Drope v. Missouri*, 420 U.S. 162, 172 (1975).  "The right to a fair trial is a fundamental liberty." *Estelle v. Williams*, 425 U.S. 501, 503 (1976).

11. Pursuant to Eastern District of Michigan LR 7.1, Sitto sought the concurrence of counsel for the Government.  Government counsel agreed that the Government would not refer to Sitto's middle name during the course of trial; however, additional concurrence in the requested relief was denied.

WHEREFORE  Defendant Brent Sitto respectfully requests this Honorable Court to GRANT his motion and issue an order:

   a. striking as surplusage, the middle name, "Farouk," from every place it is contained in the Indictment, including the caption; and

   b. precluding the government and its witnesses from using Sitto's middle name, "Farouk," in any manner at trial; and

      c.  granting such further or additional relief as the Court deems appropriate.

Respectfully submitted,

Hertz Schram PC
Counsel for Defendant Sitto

Dated: November 16, 2021

*/S/ Walter J. Piszczatowski*
Walter J. Piszczatowski (P27158)
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302
(248) 335-5000
wallyp@hertzschram.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,　　　　　　　　　　　　　Case No. 2:20-CR-20599

v.　　　　　　　　　　　　　　　　　　　Hon. Matthew F. Leitman

D-1　JOHN ANGELO,
D-2　CORY JUSTIN MANN,
D-3　ROSINA ANGELO,
D-4　MICHAEL DANESHVAR,
D-5　GLENN PHILLIP FRANKLIN, III,
D-6　BRENT FAROUK SITTO,

        Defendants.
_____/

**BRIEF IN SUPPORT OF DEFENDANT BRENT FAROUK SITTO'S MOTION TO STRIKE SURPLUSAGE MIDDLE NAME FROM INDICTMENT & MOTION IN LIMINE TO PRECLUDE USING THE MIDDLE NAME AT TRIAL**

## ISSUES PRESENTED

I. Where Defendant is referred to as Brent Farouk Sitto throughout the Indictment, should the Court strike the middle name, "Farouk," as surplusage pursuant to Fed. R. Crim. P. 7(d)?

   a. Defendant Sitto answers "Yes."
   b. The United States answers "No."


II. Should the government be precluded from using Defendant Brent Sitto's middle name, "Farouk," at trial?

   a. Defendant Sitto answers "Yes."
   b. The United States answers "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Court Rule**

Fed. R. Crim. P. 7(d)

**Rule of Evidence**

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

**Caselaw**

*Estelle v. Williams*, 425 U.S. 501, 503 (1976)

*United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001)

*United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974), *cert. denied*, 419 U.S. 1124 (1975)

*United States v. Heinz*, 955 F.2d 1449 (11th Cir. 1992)

*United States v. Jorge-Salon*, 734 F.2d 789, 791-792 (11th Cir. 1984)

**The Constitution**

U.S. Const. amend. V

## THE INDICTMENT

The Indictment contains seven counts and six defendants. Count 1, titled 18 U.S.C. § 1349, Conspiracy to Commit Wire Fraud, names five of the six defendants. "Brent Farouk Sitto" ("Sitto") is charged in Count 1. Sitto's middle name, "Farouk," is a name that is Arabic in origin.

## LEGAL ARGUMENT

Fed. R. Crim. P. 7(d) states, "Upon the defendant's motion, the court may strike surplusage from the indictment or information." "The Rule is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974), *cert. denied*, 419 U.S. 1124 (1975). "The granting of such a motion is proper, however, only where the words stricken are not essential to the charge." *Id*. "The decision whether to strike language from an indictment rests within the sound discretion of the district court." *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001)[1].

In this case, Sitto requests the Court to strike, as surplusage his middle name, "Farouk," from the Indictment and to preclude the government from referring to it at trial. It is the epitome of a non-essential allegation, while at the same time it carries with it, the real potential for undue and unnecessary prejudice. Sitto's middle name is not essential to the charge of conspiracy to commit wire fraud. Nor is it necessary to connect him to the acts charged. Nor to identify him in any way. No facts or elements of the alleged crime will be changed by striking Sitto's middle name from the Indictment.

---

[1] In *Emuegbunam*, the Sixth Circuit discussed its disapproval of the practice of including aliases in indictments and should occur only when proof of the alias was relevant to identifying the defendant. *Id*.

On the other hand, Sitto's middle name could prejudicially impress one or more jurors. Sitto is a lifelong Catholic who was born and raised in Michigan; however, his middle name, "Farouk," is of Middle Eastern origin and may evoke feelings of hostility, hatred, discrimination or prejudice toward a criminal defendant in any way associated with the Middle East or its culture. The Government's use of "Farouk" will only detract from and distract the jurors from focusing on the evidence admitted in the case.

Oftentimes the government will include a defendant's alias in the caption of an indictment. But, it is a practice that the Sixth Circuit "strongly disapproves" of. *United States v. Wilkerson*, 456 F.2d 57, 59 (6th Cir. 1972)  Nevertheless, the practice is acceptable only when done for a proper purpose.  "The use of an alias in an indictment and in evidence is permissible if it is necessary to connect the defendants with the acts charged." *United States v. Heinz*, 955 F.2d 1449, 1454 (11th Cir. 1992) citing *United States v. Jorge-Salon*, 734 F.2d 789, 791-792 (11th Cir. 1984).  In *Heinz* the court found that the government produced substantial evidence that the defendants had used all the different names listed as aliases in the indictment and were mentioned during testimony.  There was no error in permitting the government to connect the defendants to the aliases referenced at trial.  Here, no similar purpose is satisfied.

 This case presents an entirely different matter.  Identification is not an issue in the case. Nor is it anticipated that there will be any testimony from any witness using the name, "Farouk," nor testimony that Sitto used the name "Farouk" as an alias or otherwise. There can be no such testimony, because Sitto did not conduct business or any of his affairs under that name.

The United States Supreme Court has noted, "The actual impact of a particular practice on the judgment of jurors cannot always be fully determined. But this Court has left no doubt that the probability of deleterious effects on fundamental rights calls for close judicial scrutiny."

{H0870307.6}                                                                 2

*Estelle v. Williams*, 425 U.S. 501, 504 (1976). Further, "courts must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt." *Id. See also In re Winship*, 397 U.S. 358, 364 (1970) ("[W]e explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged").

In this case, inclusion of Sitto's middle name does not serve any purpose in proving any element of the alleged crime of conspiracy to commit wire fraud. Rather, it can only inflame the jury by playing to a juror's inner prejudices. Striking the middle name as surplusage would allow for greater confidence in the jury's verdict being the result of the probative evidence produced at trial. Furthermore, the Fifth Amendment provides that "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. A defendant has a due process right to a fair trial. *Drope v. Missouri*, 420 U.S. 162, 172 (1975). "The right to a fair trial is a fundamental liberty." *Estelle,* 425 U.S. at 503. Striking the middle name as surplusage would also avoid the question of whether Sitto's fundamental right to a fair trial was violated.

Additionally, the government should be precluded from using Sitto's middle name at trial for essentially the same reasons the court should strike the middle name from the Indictment. Sitto's middle name, "Farouk," is not relevant as it has no tendency to make a fact more or less probable; further the middle name is not of consequence as to guilt or innocence.[2] *See* Fed. R.

---

[2] Upon information and belief, there is no other Brent Sitto on planet Earth. A Google search for "Brent Sitto" sites to a link peoplefinders.com which reveals "1 result for **Brent Sitto in the United States"** At the very least there is no other Brent Sitto who is an attorney in the State of Michigan as a simple search of the michbar.org/memberdirectory reveals. Paragraph 24 of the Indictment states that the law firm "Auto Accident Attorneys was controlled and operated by GLENN PHILLIP FRANKLIN, III and BRENT FAROUK SITTO.

{H0870307.6}                                    3

Evid. 401.  And, other than perhaps the government, no witness will refer to Sitto using that name.

"Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  For the sake of argument only, if Sitto's middle name was somehow relevant to the government's case in chief, the court may still properly exclude references to his middle name as the probative value (if there was any) is substantially outweighed by a danger of unfair prejudice.  *See* Fed. R. Evid. 403.  Thus, if the middle name serves no evidentiary purpose but risks the potential for prejudice to the Defendant, it is more prejudicial than probative under FRE 403. The harm that can result from hearing or seeing Sitto's middle name, "Farouk," may lead jurors to think of radical Middle-Easterners and Islamic terrorists who may hate America.  There could be an undue tendency to convict on this improper emotional basis, even more so when Brent Farouk Sitto is being prosecuted by the United States of America.

All jurors bring personal biases and prejudices with them when called for jury service.  The purpose of voir dire is to address those very issues and to determine the individual juror's suitability for the specific case they are called to.  With any case, and any set of jurors, there are numerous issues that need to be addressed in voir dire.  Here, there is no need for the government to inject yet another issue such as the juror's feelings about Arab Americans.  The use of Defendant's middle name offers nothing but  distraction from the issues to be litigated and, would be far more prejudicial than probative if, in fact, it is probative of anything to begin with.

## CONCLUSION

The inclusion of Brent Sitto's middle name, "Farouk," throughout the Indictment serves no valid purpose and is not essential to proving the charge of conspiracy to commit wire fraud.  Nor, does it help to identify Sitto.  Further, including the middle name, which is Arabic in origin,

{H0870307.6}                                       4

can only prejudice the jury. Sitto's middle name is surplusage and the court should strike the middle name from the Indictment pursuant to Fed. R. Crim. P. 7(d).

Additionally, the government should also be precluded from using Sitto's middle name, "Farouk," at trial. His middle name is not relevant, and thus it is inadmissible. Further, the danger of unfair prejudice substantially outweighs the probative value, if there is any.

WHEREFORE Defendant Brent Sitto respectfully requests that this Honorable Court GRANT his motion and issue an order:

    a. striking as surplusage, "Farouk," from the body of, and the caption of the Indictment; and

    b. precluding the government and its witnesses from using Sitto's middle name, "Farouk," in any manner at trial; and

    c. granting such further or additional relief as the Court deems appropriate.

Respectfully submitted,

Hertz Schram PC
Counsel for Defendant Sitto

*/S/ Walter J. Piszczatowski*
Walter J. Piszczatowski (P27158)
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302
(248) 335-5000
wallyp@hertzschram.com

Dated: November 16, 2021

{H0870307.6}                                5

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2021, I electronically filed the foregoing Motion and Brief with the clerk of the court using the ECF system which will send notification of such filing to the ECF participants.

                                              Hertz Schram PC
                                              Counsel for Defendant Sitto

                                              */S/ Walter J. Piszczatowski*

                                              Walter J. Piszczatowski (P27158)
                                              1760 S. Telegraph Rd., Ste. 300
                                              Bloomfield Hills, MI 48302
                                              (248) 335-5000
                                              wallyp@hertzschram.com